Jaburg & Wilk, P.C.
1850 N. Central Avenue, Suite 1200
Phoenix, AZ 85004
(602) 248-1000

Micalann C. Pepe (#029053)
mcp@jaburgwilk.com
Ian M. Fischer (#026239)
imf@jaburgwilk.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Capane, on behalf of himself and all others similarly situated, | Case No. 2:24-cv-01095-SMB |
| Plaintiff, | **DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| LM General Insurance Company, an Illinois corporation, Liberty Mutual Personal Insurance Company, a Massachusetts corporation; Liberty Insurance Underwriters Inc., a New York corporation; Liberty Mutual Fire Insurance Company, a Massachusetts corporation; Liberty Mutual Insurance Company, a Massachusetts corporation; Liberty Insurance Corporation, a Massachusetts corporation; LM Insurance Company, a Massachusetts corporation; State Auto Property & Casualty Insurance Company, an Ohio corporation; State Automobile Mutual Insurance Company, an Ohio corporation; Ohio Casualty Insurance Company, an Ohio corporation; Ohio Security Insurance Company, an Ohio corporation; American Economy Insurance Company, an Indiana corporation, | (Honorable Susan M. Brnovich) |
| Defendants. | |

23043-23043-00082\DGS\CTG\6034839v3

LM General Insurance Company ("LM General") moves to dismiss the First Amended Complaint ("Complaint") against it under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff Daniel Capane's claims against it are barred by the statute of limitations.

Plaintiff also did not allege he had a contract with any of the eleven other insurance companies he sued, any of them denied a claim he submitted, or he interacted with any of them. The eleven Non-Contracting Entities[1] move to dismiss the Complaint against them under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) because Plaintiff lacks standing to sue them and he failed to state any plausible claim against them.

The Court should also exercise its discretion under 28 U.S.C. § 2201 and dismiss Plaintiff's declaratory relief claim.

Without viable claims, Plaintiff cannot represent a class of LM General or any Non-Contracting Entity insureds and his class claims must be dismissed.

Plaintiff's Complaint is deficient as a matter of law and the deficiencies cannot be cured by amendment, the Court should dismiss the Complaint with prejudice.

## I. PLAINTIFF LACKS STANDING TO SUE THE NON-CONTRACTING ENTITIES

It is axiomatic that a plaintiff who "did not buy any [insurance] policy from [an insurance company] did not suffer any injury due to [that company's] conduct," and, therefore, lacks standing to bring a claim against it. *Lee v. American Nat'l Ins. Co.*, 260 F.3d 997, 1001 (9th Cir. 2001); *see also Fobes v. Blue Cross and Blue Shield of Arizona, Inc.*, 176 Ariz. 407, 409 (App. 1993) ("Ever since the tort of bad faith was first recognized . . . it has been consistently viewed as limited by the contractual relationship between the plaintiff and the defendant insurer.") (citations omitted). Plaintiff improperly sued the

---

[1] This Motion refers to Defendants Liberty Mutual Personal Insurance Company, Liberty Insurance Underwriters Inc., Liberty Mutual Fire Insurance Company, Liberty Mutual Insurance Company, Liberty Insurance Corporation, LM Insurance Company, State Auto Property & Casualty Insurance Company, State Automobile Mutual Insurance Company, Ohio Casualty Insurance Company, Ohio Security Insurance Company, and American Economy Insurance Company as "Non-Contracting Entities."

Non-Contracting Entities, and improperly seeks to represent a class against them, even though all alleged conduct is by LM General.

Before a court may entertain the merits of a claim, the party invoking federal jurisdiction must establish standing to sue. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). "Standing ensures that, no matter the academic merits of the claim, the suit has been brought by a proper party." *Arakaki v. Lingle*, 477 F.3d 1048, 1059 (9th Cir. 2007). A suit brought by a plaintiff without Article III standing "is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1227 (9th Cir. 2011) (citing *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004)).

Plaintiff alleged[2] he was in a collision with an underinsured motorist who was the "sole cause of the accident." Compl. (Doc. 9) ¶¶ 28-29, 32-33. Plaintiff also alleged he was insured under an LM General policy at the time. Compl. ¶¶ 8-9, 35. Plaintiff did not allege he was insured by any Non-Contracting Entity's policy. His only allegation about the Non-Contracting Entities is that they "are insurance companies selling property & casualty insurance in Arizona and, upon information and belief, they (1) rely upon the same claims handling operations, procedures, and personnel as LM General and (2) consider themselves to be under 'common management' within the meaning of A.R.S. § 20-259.01(H) with respect to LM General . . . ." Compl. ¶ 12.[3]

To establish Article III standing, Plaintiff must show: (1) he suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury was caused by each Non-Contracting Entity; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167,

---

[2] Although Defendants disagree with many of the Complaint's allegations, they accept the factual allegations as true for purposes of this Motion only, as they must under Rule 12(b)(6).

[3] On a motion to dismiss, a court need not accept legal conclusions, whether couched as factual allegations or bald conclusory statements, such as Plaintiff's allegations about a common management standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

180-81 (2000); *accord*, *e.g.*, *Bennett v. Spear*, 520 U.S. 154, 167 (1997); *Lujan*, 504 U.S. at 560-61 (1992). The causation element requires Plaintiff to show an injury that is fairly traceable to each Non-Contracting Entity, and not the result of independent action of some other party. *See Lujan*, 504 U.S. at 560; *accord*, *e.g.*, *Maryland v. Louisiana*, 451 U.S. 725, 736 (1981); *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976); *see also DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006) (Plaintiff must demonstrate standing "for each claim he seeks to press" and each form of relief sought).

In *Lee*, the Ninth Circuit held that a plaintiff who purchased life insurance policies from one insurer lacked standing to represent a putative class of plaintiffs who had bought similar policies from another insurer (a wholly owned subsidiary of the contracting insurer). "[B]ecause Lee had not purchased an ANTEX policy, he could not demonstrate that he had suffered an actual injury and therefore could not establish standing to bring suit in federal court." *Lee*, 260 F.3d at 999. The same principle applies here. Plaintiff cannot demonstrate he suffered an actual injury caused by any Non-Contracting Entity and therefore cannot establish standing to bring suit.

Plaintiff's legal conclusion that all Defendants are "juridically related" does not save his Complaint against the Non-Contracting Entities. *See* Compl. ¶ 6 (implying Plaintiff included the Non-Contracting Entities because they are "juridically related"). The "juridical link" concept comes from *dicta* in *La Mar v. H & B Novelty & Loan Co.*, an appeal of a class action certification decision that focused on whether the typicality and adequacy-of-representation requirements of Rule 23(a) were satisfied. 489 F.2d 461 (9th Cir. 1973). The Ninth Circuit assumed standing for the appeal. *Id.* at 464.

The Ninth Circuit has since acknowledged it did not address Article III standing in *La Mar* and noted that the United States Supreme Court "disapproved of our practice of assuming standing." *Martinez v. Newsom*, 46 F.4th 965, 971 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 1782 (2023) (citing *Steel Co. v. Citizens for a Better Env't.* 523 U.S. 83, 99 (1998)). This Court may not assume standing.

Even if the Defendants are juridically related[4] and the juridical link doctrine was viable,[5] the doctrine does not confer standing on a plaintiff that was not injured by a defendant. *Jimenez v. Progressive Cas. Ins. Co.*, No. CV-15-01187-PHX-ROS, 2016 WL 5858738, at *3 (D. Ariz. Oct. 3, 2016) ("[J]uridical link analysis could not possibly affect standing, which is 'a limitation on this Court's jurisdiction that cannot be expanded by class action principles under Federal Rule of Civil Procedure 23.'"). Like Plaintiff here, the *Jimenez* plaintiff filed a class action complaint against multiple insurers—against one based on a contractual relationship and against the others based on the juridical link doctrine. *Id*. at *2. The court dismissed the non-contracting insurers because the plaintiff could not plausibly allege they caused him injury. *Id*. at *4; *see also Custom LED, LLC v. eBay, Inc.*, No. C 12–00350 SI, 2012 WL 1909333, at *6 (N.D. Cal. May 24, 2012) ("Nor can plaintiff get around its lack of standing at this pleading stage by relying on the juridical-link doctrine."); *Cady v. Anthem Blue Cross Life & Health Ins. Co.*, 583 F. Supp. 2d 1102, 1107 (N.D. Cal. 2008) ("[T]he doctrine, developed in the context of class certification analysis under Rule 23, should properly remain in the analysis of adequacy and typicality of plaintiffs for which it was originally conceived.") (internal quotation omitted); *Henry v. Circus Circus Casinos, Inc.*, 223 F.R.D. 541, 544 n. 2 (D. Nev. 2004) ("The Court declines to import *La Mar's* 'juridical link' doctrine into an Article III analysis. A doctrine developed under Rule 23 based on judicial efficiency and expedience does not play a role in an Article III standing analysis.").

The impropriety of Plaintiff's effort to expand this litigation to include entities from which he did not buy an insurance policy is made more acute here by the reality that

---

[4] Defendants deny they are juridically linked. The Ninth Circuit has held that the juridical link exception is "confined" "to plaintiffs suing 'officials of a single state and its subordinate units of government' who applied a 'common rule.'" *Martinez*, 46 F.4th at 971 (quoting *La Mar*, 489 F.2d at 470). The Defendants here are not officials of a single state and its subordinate units of government.

[5] The juridical link doctrine is not viable. The Second Circuit conducted a detailed analysis of how the juridical link doctrine conflicts with United States Supreme Court precedent on standing, demonstrating that the doctrine has no viability. *Fox v. Saginaw Cnty., Michigan*, 67 F.4th 284, 294-300 (6th Cir. 2023).

five of the eleven Non-Contracting Entities did not even issue private passenger auto liability insurance policies (which would offer underinsured motorist coverage) from at least 2016, the year of Plaintiff's alleged collision (Compl. ¶ 28), to the present. Publicly available filings with the Arizona Department of Insurance and Financial Institutions show that from at least 2016, the following entities earned $0 in premium from "Other Private Passenger Auto Liability," (line 19.2) because they issued no such policies:

- Ohio Security Insurance Company (Arizona filings attached as Exhibit 1);
- State Automobile Mutual Insurance Company (filings attached as Exhibit 2);
- Liberty Insurance Underwriters Inc. (filings attached as Exhibit 3);
- American Economy Insurance Company (filings attached as Exhibit 4); and
- The Ohio Casualty Insurance Company (filings attached as Exhibit 5).[6]

Regardless of whether the Non-Contracting Entity issued the coverage Plaintiff claims here, Plaintiff lacks standing to sue any Non-Contracting Insurer and they all must be dismissed.

## II.   PLAINTIFF'S CLAIMS ARE TIME BARRED

Plaintiff alleged three causes of action: declaratory relief, breach of contract, and bad faith. Each claim is barred by the statute of limitations. *See Seven Arts Filmed Ent. Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) ("A statute-of-limitations defense, if 'apparent from the face of the complaint,' may properly be raised in a motion to dismiss.") (citation omitted).

Plaintiff alleged he was in a collision with an underinsured motorist on October 16, 2016. Compl. ¶¶ 28-29, 32-33. On November 7, 2016, Plaintiff, through his attorney, asked for his policy's underinsured motorist coverage limit. Compl. ¶ 40. On December

---

[6] This Court may take judicial notice of these public filings and consider them without converting this into a motion for summary judgment. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("[Courts] may take judicial notice of court filings and other matters of public record."); *Warren v. Penzone*, No. CV2202200PHXDWLCDB, 2023 WL 7686666, at *9 n.6 (D. Ariz. Nov. 15, 2023) ("A court may . . . consider certain materials—. . . matters of judicial notice—without converting [a] motion to dismiss into a motion for summary judgment.") (citing *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003)).

15, 2016, Plaintiff demanded $300,000 to settle his claim, which was equal to the $100,000 limit of coverage for each of the three vehicles covered under the LM General policy (i.e., the stacked limit). Compl. ¶¶ 34, 35, 41. On December 29, 2016, Plaintiff again demanded stacked limits of $300,000 to settle his claim. Compl. ¶ 45.

On January 10, 2017, LM General declined Plaintiff's $300,000 demand and said it would pay $100,000 – the policy limit on one covered vehicle. Compl. ¶¶ 42-43. LM General also represented that the policy limit was $100,000. Compl. ¶ 46.

Nearly seven and a half years later, on May 13, 2024, Plaintiff filed suit.

### A. Plaintiff's Breach of Contract Claim Is Barred by the Underinsured Motorist-Specific Limitation and the Breach of Contract Limitation

The limitations period for an underinsured motorist ("UIM") claim is defined in A.R.S. § 12-555. The insured must provide written notice of their intent to pursue a UIM claim "within three years after the date of the accident that caused the bodily injury." A.R.S. § 12-555(B); *State Farm Mut. Auto. Ins. Co. v. Frank*, 547 P.3d 374, 380, ¶ 17 (Ariz. App. 2024). The insured then "shall request arbitration or file suit pursuant to the terms of the insurance contract within three years after providing" that written notice. A.R.S. § 12-555(C)(2); *Frank*, 547 P.3d at 380, ¶ 19. Thus, an insured must file suit on a UIM claim within three years after providing written notice of their intent to pursue UIM benefits. *Creasman v. Farmers Cas. Ins. Co.*, 681 F. Supp. 3d 1051, 1059 (D. Ariz. 2023) ("Subsection (C)(2) provides the operative statute of limitation . . . .").

Plaintiff's deadline to sue on his UIM claim expired years ago. Plaintiff alleged he provided written notice of his intent to pursue a UIM claim by December 15, 2016, when he demanded $300,000. Compl. ¶ 41; *see also* Compl. ¶ 45 (alleging a second demand letter on December 29, 2016); Pl.'s Dec. 15, 2016 letter, attached as Ex. 6; Pl.'s Dec. 29, 2016 letter, attached as Ex. 7.[7] Under A.R.S. § 12-555(C)(2), Plaintiff had to sue by December 15, 2019. Plaintiff, however, did not file until May 13, 2024; four years and

---

[7] The Court need not convert this Motion into a summary judgment motion because the letters are "documents incorporated by reference in the complaint." *Ritchie*, 342 F.3d at 907-08.

7

five months too late. Because Plaintiff's suit is untimely, LM General "is not liable" for UIM benefits. A.R.S. § 12-555(C)(2); *Frank*, 547 P.3d at 380, ¶ 19. Plaintiff's breach of contract claim against LM General must be dismissed. *Creasman*, 681 F. Supp. 3d at 1063.

Even if Plaintiff's breach of contract claim was not barred by the UIM-specific limitations period, his claim is barred by Arizona's six-year limitation for contract actions. A.R.S. § 12-548(A). Plaintiff alleged LM General denied his claim for $300,000 and advised it would pay him $100,000 on January 10, 2017. Compl. ¶¶ 39-40. Plaintiff had to sue under the contract limitation by January 10, 2023. No matter which limitation period this Court considers, Plaintiff's breach of contract claim is barred.[8]

### B.  Plaintiff's Bad Faith Claim Is Barred by the Two-Year Limitation

Arizona's statute of limitations for a breach of the covenant of good faith and fair dealing ("bad faith") claim is two years. *Manterola v. Farmers Ins. Exch.*, 30 P.3d 639, 643 (Ariz. App. 2001) (quoting *Doe v. Roe*, 955 P.2d 951, 963 (Ariz. 1998)); A.R.S. § 12-542. Plaintiff filed suit well after that period expired.

Plaintiff alleged his bad faith claim is based on LM General's alleged failure to "adequately investigate its stacking obligations, reasonably evaluate those obligations, and promptly pay stacked UM/UIM coverage to Plaintiff" and disclose stacked coverage. Compl. ¶¶ 151, 156. For Plaintiff, that allegedly happened no later January 10, 2017. Compl. ¶ 42. That was when LM General denied Plaintiff's demand for stacked limits and stated it would pay only one limit. Compl. ¶¶ 42-43. Plaintiff, therefore, had to sue by January 10, 2019, more than 5 years before he finally did so.[9]

### C.  Plaintiff's Declaratory Judgment Claim Is Barred Because There Is No Controversy

To seek declaratory relief there must be "a case of actual controversy." 28 U.S.C.

---

[8] If Plaintiff has any claims against the Non-Contracting Entities (which he does not allege), the limitations period bars those claims as well.

[9] If Plaintiff has any claims against the Non-Contracting Entities (which he does not allege), the limitations period bars those claims as well.

1 § 2201(a); *see also Morris v. Fleming*, 625 P.2d 334, 336 (Ariz. App. 1980) (Arizona's Uniform Declaratory Judgment Act requires a "justiciable controversy"). "[W]hat makes [a declaratory judgment] a proper judicial resolution of a 'case or controversy' rather than an advisory opinion [is] the settling of some dispute which affects the behavior of the defendant towards the plaintiff." *City & Cnty. of San Francisco v. Garland*, 42 F.4th 1078, 1087 (9th Cir. 2022) (internal quotations omitted; alterations in original).

Plaintiff seeks a declaration that he is entitled to stacked UIM coverage and LM General had to disclose potential stacked coverage to him. Compl. ¶ 140. Those claims are time barred so there is not an "actual controversy." A declaration would not settle a dispute or affect the parties' behavior because, even if Plaintiff got the declaration he seeks, he would have no legal right to enforce it against any Defendant. Even if Plaintiff was at one time permitted to pursue stacked coverage, he ran out of time to do so.

Plaintiff cannot "circumvent" the limitations period "by characterizing his action as one for a declaratory judgment." *Bruno v. Casella Waste Sys., Inc.*, 616 F. App'x 20, 21 (2d Cir. 2015); *see also Sturdevant v. Nat'l W. Life Ins. Co.*, 2021 WL 3519708, at *4 (D. Mont. May 12, 2021), *report and recommendation adopted*, 2021 WL 3677722 (D. Mont. Aug. 19, 2021) (plaintiff cannot "use a declaratory judgment statute as a vehicle to circumvent the statute of limitations that applies to the substance of the complaint") (internal quotations omitted); *Kerrigan v. QBE Ins. Corp.*, 2017 WL 6060109, at *3 (W.D. Wash. Dec. 7, 2017), *aff'd*, 738 F. App'x 481 (9th Cir. 2018) (dismissing declaratory claim that "clearly arises" out of time-barred breach of contract claim). The declaratory relief claim has the same limitations period that bars Plaintiff's other claims.

Even if the limitations period did not bar Plaintiff's declaratory judgment claim, the Court should exercise its discretion and dismiss it. *See* 28 U.S.C. § 2201(a) (a court "may declare," not must declare). Whether to entertain a suit seeking declaratory judgment is at the district court's discretion. *Publ. Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962) (*per curiam*) (The Declaratory Judgment Act "gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so.").

9

"The two principal criteria guiding the policy in favor of rendering declaratory judgments are (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *McGraw–Edison Co. v. Preformed Line Prods. Co.*, 362 F.2d 339, 342 (9th Cir.1966).

Plaintiff's declaratory judgment claim promotes none of the Declaratory Judgment Act's purposes. "There is no useful purpose in entertaining this claim because the actual controversy here has already reached the stage at which [Plaintiff] may seek a coercive remedy, as evidenced by the other claims in [his] Complaint." *Sternberger v. Gilleland*, No. CV-13-02370-PHX-JAT, 2014 WL 3809064, at *10 (D. Ariz. Aug. 1, 2014). "Furthermore, [Plaintiff] alleges no facts that plausibly indicate []he stands to gain relief from uncertainty, insecurity, or the threat of other impending litigation by having the Court rule in [his] favor on this additional count." *Id.* Plaintiff's declaratory judgment claim is duplicative of his breach of contract and bad faith claims. *See HM Hotel Properties v. Peerless Indem. Ins. Co.*, 874 F. Supp. 2d 850, 855 (D. Ariz. 2012) (dismissing a declaratory relief claim as derivative of the breach of contract claim).

"Furthermore, declaratory relief is not appropriate to only redress past wrongs or when the future relations of the parties is not at issue as it operates prospectively to resolve uncertainties and disputes that may result in future litigation." *Santan Crossing Pro. Plaza Condo. Ass'n v. Westfield Ins. Co.*, No. CV-20-00792-PHX-SPL, 2020 WL 4814345, at *3 (D. Ariz. Aug. 17, 2020) (citing *San Diego Gun Rights Committee v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996) ("because plaintiffs seek declaratory and injunctive relief only, there is a further [standing] requirement that they show a very significant possibility of future harm; it is insufficient for them to demonstrate only a past injury."); William W. Schwarzer, et al., FEDERAL CIVIL PROCEDURE BEFORE TRIAL, ¶¶ 10:5, 10-1, -2 (Calif. & 9th Cir. Editions, April 2020) ("The Declaratory Judgment Act is 'intended to fix the problem that arises when the other side does not sue.'"). Plaintiff's declaratory

23043-23043-00082\DGS\CTG\6034839v3

1 judgment claim is entirely based on past conduct, with no allegation that future relations
2 of the parties is at issue.
3   If the Court does not dismiss the declaratory judgment claim for lack of an actual
4 controversy, the Court should exercise its discretion under 28 U.S.C. § 2201 and dismiss
5 the claim.

## III. PLAINTIFF FAILED TO STATE A CLAIM AGAINST THE NON-CONTRACTING ENTITIES

If the Non-Contracting Entities are not dismissed for Plaintiff's lack of standing, they should be dismissed because Plaintiff failed to state a claim against any of them. Plaintiff did not allege he had a contract with any Non-Contracting Entity, any Non-Contracting Entity breached a contract with him, or any damages were caused by a breach. *See Frank Lloyd Wright Foundation v. Kroeter*, 697 F.Supp.2d 1118, 1125 (D. Ariz. 2010) (elements of a breach of contract claim). He did not allege any Non-Contracting Entity owed him any duty, unreasonably failed to pay his claim, or did anything else to him. *See*, *e.g.*, *Rawlings v. Apodaca*, 726 P.2d 565, 572 (Ariz. 1986) (elements of a bad faith claim); *Fobes*, 176 Ariz. at 409 ("Ever since the tort of bad faith was first recognized . . . it has been consistently viewed as limited by the contractual relationship between the plaintiff and the defendant insurer.") (citations omitted). There is no "actual controversy" between Plaintiff and any Non-Contracting Entity. *See* 28 U.S.C. § 2201(a).

## IV. THE PUTATIVE CLASS FAILS BECAUSE PLAINTIFF HAS NO VALID CAUSES OF ACTION

A class representative must be a member of the class and have the same claims and interests as absent class members. *See*, *e.g.*, *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156 (1982) ("We have repeatedly held that 'a class representative must be part of the class[.]' ") (citations omitted); *Sosna v. Iowa*, 419 U.S. 393, 403 (1975) ("A litigant must be a member of the class he or she seeks to represent at the time the class action is certified by the district court."); *Castillo v. Bank of America, NA*, 980 F.3d 723, 729 (9th Cir. 2020) (a class representative's claims must be "reasonably co-extensive with those of absent

1   class members"). Where the named plaintiff is precluded from pursuing the alleged claims
2   on the merits, he "could have suffered no injury" and is "therefore not eligible to represent
3   a class of persons who did allegedly suffer injury." *E. Tex. Motor Freight Sys. Inc. v.*
4   *Rodriguez*, 431 U.S. 395, 403-04 (1977) (vacating Fifth Circuit's certification of a class
5   after the district court had entered judgment against the named plaintiffs on the merits);
6   *Flores v. Starwood Hotels & Resorts Worldwide, Inc.*, 2015 WL 12912337, at *4-5 (C.D.
7   Cal. Mar. 16, 2015) (dismissing class allegations where plaintiff's individual causes of
8   action failed to state a claim); *see also Thomas v. Metro. Life Ins. Co.*, 631 F.3d 1153,
9   1159 (10th Cir. 2011) ("Prior to class certification, the named plaintiffs' failure to
10  maintain a live case or controversy is fatal to the case as a whole . . . .").

11    Plaintiff seeks to represent a putative class of all Defendants' insureds. Compl. ¶¶
12  124-126. Plaintiff's effort to represent a class fails with his individual claims.

13  **V.   THE COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT WITH
14     PREJUDICE**

15    No deficiency in Plaintiff's Complaint is curable – Plaintiff cannot change the
16  statute of limitations or the absence of his relationship with the Non-Contracting Entities.
17  This Court should grant Defendants' Motion to Dismiss and dismiss all of Plaintiff's
18  claims with prejudice because the Complaint cannot be saved by any amendment. *Brady*
19  *v. Cnty. of Navajo*, No. CV-15-08110-PCT-DJH, 2017 WL 11631021, at *2 (D. Ariz.
20  Apr. 17, 2017) (citing *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir.
21  2008)).

22    Defendants request this Court dismiss Plaintiff's Complaint, with prejudice and
23  award Defendants their attorney fees and costs under A.R.S. §§ 12-341 & 12-341.01.

24    **DATED** this 12th day of November, 2024.

25          **JABURG & WILK, P.C.**

26          /s/ Ian M. Fischer
        Micalann C. Pepe
27          Ian M. Fischer
        Attorney For Defendants
28

**LRCiv 12.1(c) Conference Certificate**

Pursuant to L.R. Civ. 12.1(c) and Doc. 5, Counsel for Defendants certify that they conferred with Counsel for Plaintiff prior to filing this Motion to Dismiss, but were unable to agree that the pleading was curable by permissible amendment offered by Plaintiff.

**DATED** this 12th day of November, 2024.

**JABURG & WILK, P.C.**

/s/ Ian M. Fischer
Micalann C. Pepe
Ian M. Fischer
Attorney For Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on 12th day of November, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Robert B. Carey, Esq.
John M. DeStefano, Esq.
E. Tory Beardsley, Esq.
**HAGENS BERMAN SOBOL SHAPIRO, LLP**
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
rob@hbsslaw.com
johnd@hbsslaw.com
toryb@hbsslaw.com
*Attorneys for Plaintiff*

Brett L. Slavicek, Esq.
James Fucetola, Esq.
Justin Henry, Esq.
**THE SLAVICEK LAW FIRM**
5300 North 24th Street
Phoenix, Arizona 85016
brett@slaviceklaw.com
james@slaviceklaw.com
justin@slaviceklaw.com
*Attorneys for Plaintiff*

1
2  I have also caused to be delivered a courtesy copy of the foregoing to:
3  Honorable Susan M. Brnovich
4  United States District Court
   Sandra Day O'Connor Courthouse
   401 W. Washington St.
5  Phoenix, Arizona 85003
6
7  /s/ Ian M. Fischer
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

14